## JOHN MYCEK
*vs.*
## HARTFORD ACCIDENT AND INDEMNITY CO.

Superior Court    New Haven County    File No. 56445

128 Conn. 140    MEMORANDUM FILED DECEMBER 17, 1940.

*Harrison & Harrison,* of New Haven, for the Plaintiff.

*Martin E. Gormley,* of New Haven, for the Defendant.

MUNGER, J. The parties have filed a stipulation of facts and each claims to be entitled to a judgment as a matter of law upon these facts.

It appears that the defendant insured Woodruff & Sons against injuries resulting from the negligent operation of its automobiles. One Vargo was an employee of Woodruff & Sons and as such employee it was his duty to drive an automobile belonging to Woodruff & Sons for certain specified purposes connected with the business.

The policy contained an omnibus coverage clause, so-called, in terms as follows: "This policy is extended to cover as an

additional assured any person while operating any automobile described in the Declarations or any person, firm or corporation legally responsible for its operation, where the disclosed and actual use of the automobile is for 'Pleasure and Business' or 'Commercial' purposes as defined in Item 8, and the automobile is being so used with the permission of the named assured, or if the named assured is an individual with the permission of any member of the assured's household (over twenty-one years of age) other than a chauffeur or domestic servant."

Vargo had finished his day's work and had gone home. It was part of his duty at the end of the day to place the automobile which he had been driving on the business of Woodruff & Sons in the garage. Instead of doing this he decided to drive to Derby to see if his wife had become involved in any difficulty in connection with an automobile which had been used to convey her to the movies in Derby. After leaving for Derby his mind became seduced in some way from the purpose of rendering assistance to his wife and instead of carrying out any such purpose he stopped at a tavern. He then went to a bowling alley and stayed there until about 10 p.m. when he returned to the tavern in quest of a friend to drive back home. While going home he negligently ran into a car in which the plaintiff was a passenger.

The fact is found, as appears by the stipulation, that at the time of the injury he was intoxicated. It is expressly found that in driving to Derby after the end of the day's work Vargo was upon an errand entirely disassociated from any duty of his employment. He was engaged only upon an errand of his own concerned exclusively in carrying out his own purpose.

It is conceded that at the time he took the car to drive to Derby he had no permission from anyone to use the car. There was therefore apparently an express violation of the provisions of the policy. He had general permission to use the car while carrying out the purposes and duties of his employment. The use of the car was expressly limited to this activity. If plain language is to be given a plain meaning it is impossible to see how the plaintiff can recover.

The plaintiff relies upon the case of *Dickinson vs. Maryland Casualty Co.*, 101 Conn. 369. That case, however, is clearly to be distinguished from the instant case. The insurance policy upon which suit was brought in this *Dickinson* case con-

tained an omnibus clause in terms similar to the clause present in the insurance policy now sued on, but in the *Dickinson* case there had been an express permission given to use the car. There was a deviation from this express permission and the injury occurred as a result of this deviation. In the instant case there had been no permission given by anyone to Vargo to use the car for his own pleasure and purpose. This is conceded, as appears by the stipulation.

The plaintiff says that an express permission to use the car was not necessary in order that the defendant should be compelled to respond for the negligence of Vargo. The plaintiff says that inasmuch as Vargo had general permission to use the car this must be held to be a continuing general permission and as a result of it, even though he used the car solely for his own purposes, the defendant must be held liable.

It is conceded that it was the duty of Vargo at the end of his day's work to place the car he had driven in the garage and the plaintiff in his brief stresses the fact that Vargo was on the way home, intoxicated to be sure, but nevertheless going home for the purpose of putting the car in the garage. That, the plaintiff says, was one of the things he had permission to do, to wit, put the car in the garage, and so the plaintiff says he was engaged in carrying out one of the ordinary and proper duties of his employment.

It would seem to follow from this claim that a different situation might have resulted if the accident occurred while Vargo was driving toward Derby instead of returning from Derby. At least if it occurred while driving toward Derby the claim would not very well be made that he was carrying out one of the purposes of his employment by heading for the garage in which it was his duty to place the car.

If the plaintiff's position is correct and the general permission and authority which Vargo had to drive the car in carrying out the duties of his employment operated as an express permission to use the car upon his own business no matter what the nature of it might be at any time, then obviously the effect of this would be to destroy and entirely wipe out the limit or restriction upon the use of the car by an employee provided for in the policy.

In the *Dickinson* case the court was confronted with a situation in which there were two possible interpretations to be

given to the language of the policy. The opinion states (p. 377) : "The question at issue is to be resolved by the construction to be given the language of the policy, 'provided such use or operation is with the permission of the named assured.' Does this language mean the permission to use the car, or the permission to use the car in a specified manner and for a specified purpose? These are the two constructions which confront us, and we are to determine which is the correct one." The opinion in the *Dickinson* case pointed out the settled rule that where there are two interpretations possible that is to be preferred which will cover the loss. In the instant case we have no language which is not plain and unambiguous and we have, as before stated, not a case where under the terms of the policy permission had been given to an employee to use the car for his own purposes but a case in which no permission had been given by anyone, a case in which the claim to recover is based upon the theory that a general permission to use the car in the employer's business is exactly the same thing as an express permission to use the car purely for his own pleasure. It seems clear that this position cannot possibly be sustained.

Upon the facts as they appear in the stipulation judgment must be rendered for the defendant.